

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID SANCHEZ,<br><br>Defendant. | Case No. 21-MJ-2186<br><br>ORDER OF DETENTION |

## I.

On May 5, 2021, Defendant made his initial appearance, by consent to appear by video teleconference, on the criminal complaint filed in this matter. Deputy Federal Public Defender Carel Ale was appointed to represent Defendant. A detention hearing was held.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

## II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.
☒ the safety of any person or the community.

## III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also

considered all the evidence adduced at the hearing and the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ criminal history includes prior failures to appear and prior violations of parole

☒ inconsistent information provided by Defendant and his girlfriend regarding residence and background information

☒ insufficient bail resources – the Court will not consider Defendant's girlfriend a viable surety given her involvement in the conduct with which he is charged.

As to danger to the community:

☒ allegations in the criminal complaint involve armed robbery of retail stores while posing as a customer about to purchase goods. Defendant is suspected of committing additional robberies.

☒ criminal history includes felony convictions for robbery, taking a vehicle without consent, and possession of controlled substances, and violations of parole.

☒ Admitted use of methamphetamine

☒ Defendant is charged with criminal conduct shortly after his previous parole was terminated in March 2021.

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: May 5, 2021

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE